IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BAIDEHI L. MUKHERJEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-01291-CV-W-ODS |
| | ) |
| THE CHILDREN'S MERCY HOSPITAL, | ) |
| | ) |
| Defendant. | ) |

<u>ORDER GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT ON PLAINTIFF'S EQUAL PAY ACT CLAIM</u>

On March 6, 2018, the Court issued an order pertaining to Defendant's Motion for Summary Judgment. Doc. #88. In that order, which granted in part and denied in part Defendant's motion, the Court deferred consideration of Defendant's Motion for Summary Judgment on Plaintiff's Equal Pay Act ("EPA") claim, and directed the parties to provide supplemental briefing on that claim. *Id.* The Court asked for supplemental briefing on (a) the statute of limitations, (b) whether O'Neil had the same job responsibilities as and similar working conditions to Plaintiff, and (c) whether Defendant is asserting a statutory affirmative defense. On March 16, 2018, the parties filed their briefs. Docs. #94-95. With regard to Defendant's Motion for Summary Judgment (Doc. #70) on Plaintiff's EPA claim, the Court grants the motion.

## I. STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Williams v. City of St. Louis*, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Wierman v.*

*Casey's Gen. Stores*, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). The Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 588-89 (1986); *Tyler v. Harper*, 744 F.2d 653, 655 (8th Cir. 1984). "[A] nonmovant may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial." *Nationwide Prop. & Cas. Ins. Co. v. Faircloth*, 845 F.3d 378, 382 (8th Cir. 2016) (citations omitted).

## II. PLAINTIFF'S EQUAL PAY ACT CLAIM

As set forth in the Court's March 6, 2018 Order and confirmed in Plaintiff's supplemental briefing, Plaintiff claims her male predecessor, Stephen O'Neil, held the same job with the same duties and responsibilities, but was paid more than she was paid. Docs. #88, 94. A cause of action under the EPA "may be commenced within two years after the cause of action accrued…except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). In her supplemental brief, Plaintiff concedes her claim is for Defendant's allegedly <u>willful</u> violation of the EPA. She states "her claim and [the] damages she seeks for Defendant's Equal Pay Act violation relate to" the time period of December 13, 2013 (three years prior to the date she filed her Complaint), to May 7, 2014 (the date her employment concluded). Doc. #94, at 2.

### A. Statute of Limitations

Defendant argues Plaintiff's EPA claim is time-barred because she waited more than two years to file her complaint, and she failed to set forth factual support to establish the alleged EPA violation was willful to meet the three-year statute of limitations. "A finding of willfulness requires behavior on the part of the employer that exceeds negligence; the employer must act knowingly or with reckless disregard of whether the contested conduct was prohibited." *Simpson v. Merchs. & Planters Bank*, 441 F.3d 572, 580 (8th Cir. 2006) (citation omitted) (finding a reasonable jury could conclude the employer willfully violated the EPA when presented with evidence the

employer had knowledge of the EPA, the employer's personnel policies treated male and female employees differently, and a statement by one of the employer's board members that men were needed at the bank, and needed to be paid more than women).

In responding to Defendant's Motion for Summary Judgment, Plaintiff did not cite anything in the record establishing a genuine issue of material fact that Defendant's alleged violation of the EPA was willful. Her statement of additional facts did not cite to anything in the record evidencing (or even suggesting) Defendant's behavior was or could be considered willful. In fact, nowhere in Plaintiff's opposition brief is the word "willful" mentioned. Docs. #79-80. Likewise, in her supplemental brief, Plaintiff did not mention the word "willful," other than to inform the Court that her EPA claim is based upon a willful violation. Doc. #94.

Unlike *Simpson*, the record does not establish facts such as Defendant having personnel policies that treated men and women differently, or a person associated with Defendant making a statement about hiring more men and/or paying men more than women. Rather, it is uncontroverted that Defendant has an Equal Employment Opportunity Policy as well as an Anti-Discrimination/Anti-Harassment Policy, and there is no evidence that the policies are applied differently based upon gender. There is also no evidence that Plaintiff complained about unequal pay, and Defendant ignored that complaint. *See also Grover v. Smarte Carte, Inc.*, 836 F. Supp. 2d 860, 871 (D. Minn. 2011) (finding the plaintiff demonstrated a fact issue with regard to willfulness by pointing to her complaints that her pay was unequal to her male counterparts and the employer's failure to attend to those complaints); *Thomeczek v. Brownlee*, 320 F. Supp. 2d 884, 888 (E.D. Mo. 2004) (entering summary judgment in favor of the employer because the plaintiff did not establish a genuine issue of material fact of willfulness, and thus, the two-year limitations period applied).

Plaintiff failed to cite anything in the record that would allow a reasonable jury to conclude Defendant willfully violated the EPA. Further, Plaintiff failed to cite any case wherein a Court found similar evidence, albeit lacking, was sufficient to establish a genuine issue of material fact. Plaintiff has simply rested on her allegation that the EPA violation was willful, and that is not sufficient to overcome a motion for summary

judgment. *Nationwide Prop. & Cas. Ins.*, 845 F.3d at 382. Even when reviewing the record in the light most favorable to the non-moving party, the Court finds Plaintiff's claim of a willful violation of the EPA fails. For this reason alone, Defendant's Motion for Summary Judgment with regard to Plaintiff's EPA claim is granted.

### B. Substantive Claim

Even if Plaintiff's EPA claim was not time-barred, Plaintiff failed to establish a genuine issue of material fact with regard to her substantive claim. To establish a claim under the EPA, a plaintiff must identify a male employee who was paid more for equal work in a job that required equal skill, effort, and responsibility, and was performed under similar working conditions. *Dindinger v. Allsteel, Inc.*, 853 F.3d 414, 421-22 (8th Cir. 2017) (citation omitted).

First, the Court must determine whether O'Neil was paid more than Plaintiff was paid. Importantly, Plaintiff's claim, as set forth in her supplemental brief, is limited to her rate of pay from December 13, 2013, to May 7, 2014. Doc. #94, at 2. Plaintiff's biweekly rate of pay, when hired in July 2012, was $6,154.50.[1] In or about August 2013, Plaintiff received a two percent pay increase. Although the exact figure was not provided, it appears Plaintiff's biweekly rate of pay increased to $6,277.59. There is no evidence indicating Plaintiff's rate of pay changed during the reminder of her employment. Thus, in December 2013 (when her EPA claim commenced), Plaintiff's biweekly pay rate was $6,277.59.

To support her EPA claim, Plaintiff sets forth the following facts:

- O'Neil's rate of pay in June 2012 was $79.47 per hour, which equated to a biweekly rate of pay of $6,357.60. Doc. #79, at 56.

- Plaintiff claims to have seen a budget prepared by O'Neil where he listed his annual salary to be $166,000. Doc. #79, at 57.

- A printout from www.glassdoor.com where the Director of Technology Development's salary is listed as $168,966. Doc. #80-36.

In the argument section of Plaintiff's opposition brief, she simply contended, "facts set forth by Plaintiff demonstrate that [O'Neil] was paid more." Doc. #79, at 71. But Plaintiff

---

[1] Although not part of her EPA claim, it is undisputed that Plaintiff's starting salary was higher than O'Neil's starting salary. Doc. #79, at 7, 39.

did not cite anything in the record to support this allegation. *Id.* The Court will address the three facts Plaintiff set forth to support her EPA claim.

### (1) O'Neil's June 2012 Pay vs. Plaintiff's December 2013 Pay

Plaintiff's argument that O'Neil made more than she did when comparing his salary in June 2012 to her salary in December 2013 fails for two reasons. First, in June 2012, O'Neil had been employed with Defendant for three years. In December 2013, Plaintiff had been employed with Defendant for less than two years. In this respect alone, the comparison is not reasonable. Second, in June 2012, O'Neil was working part-time and on an as needed basis pursuant to a written contract. But in December 2013, Plaintiff was working full-time, and was an at-will employee. For this additional reason, the comparison between O'Neil's June 2012 salary and Plaintiff's December 2013 salary does not support her claim of unequal pay.

### (2) The Budget Plaintiff Saw

In her declaration, Plaintiff stated, "I am aware that Steve O'Neil listed 166K in one of the past budget[s]." Doc. #86, at 12. The declaration failed to provide any details about this alleged budget – that is, the declaration did not state when Plaintiff saw it (although her brief claims she saw it in 2014), where she saw the budget, how she knew O'Neil prepared the budget, or any other factual predicate for this alleged budget. In response, Defendant provided its technology budgets for fiscal years 2011 through 2018. Doc. #83-7. Therein, the annual salary for the Director of Technology Transfer ranges from roughly $141,000 to $151,000 from July 2011 to June 2012. From July 2012 through June 2013, the salary budgeted for this position was $159,381. From July 2013 through June 2014, the salary budgeted for this position was $152,017. There is nothing in the record controverting the budget set forth by Defendant. More importantly, there is no admissible evidence in the record establishing O'Neil's salary was different than the salaries listed in what appears to be a personnel record for O'Neil, set forth in Exhibit EEE to Plaintiff's opposition to Defendant's motion. Doc. #79-21. For these reasons, Plaintiff's argument based upon the budget she allegedly saw fails.

5

### (3) The Printout from Glassdoor.com

Plaintiff's final fact to support her EPA claim is what appears to be a printout from a website, www.glassdoor.com. Doc. #80-36. "To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence…." *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 635 n.20 (8th Cir. 2000) (citation omitted). To authenticate a website printout, the proffering party must produce "some statement or affidavit from someone with personal knowledge [of the website]…for example [a] web master or someone else with personal knowledge would be sufficient." *Fraserside IP L.L.C. v. Netvertising Ltd.*, No. C11-3033-MWB, 2012 WL 6681795, at *11 (N.D. Iowa Dec. 21, 2012) (quoting *In re Homestore. com, Inc. Sec. Litig.,* 347 F. Supp. 2d 769, 782 (C.D. Cal. 2004)); *see also Allied Prop. & Cas. Ins. Co. v. Stuart*, 230 F. Supp. 3d 969, 980 (E.D. Mo. 2017) (finding unauthenticated website printouts attached as exhibits to a summary judgment motion or a response thereto are not admissible). Here, Plaintiff did not authenticate the website she proffered. And even the website printout had been properly authenticated, it would likely constitute inadmissible hearsay. For these reasons, the Court cannot consider this website printout in its analysis of Plaintiff's EPA claim.

Even if the Court were to look beyond the three alleged facts supporting Plaintiff's EPA claim, her claim still fails. In December 2013, when Plaintiff's EPA claim commenced, she had been employed with Defendant for less than two years, and her biweekly rate of pay was $6,277.59. O'Neil's biweekly rate of pay after two years of employment with Defendant was $6,232.80. Doc. #79-21. In this instance, Plaintiff was paid more than O'Neil.[2] Accordingly, Plaintiff has not set forth facts, supported by admissible evidence, establishing O'Neil was paid more during the same timeframe of employment as Plaintiff.

In addition, the record does not establish Plaintiff and O'Neil worked under similar working conditions. It is undisputed that after July 2011, O'Neil worked under a

---

[2] Had Plaintiff remained employed with Defendant and received another two percent increase in salary after being employed for two years, Plaintiff would have likely made even more than O'Neil did during the same tenure with Defendant.

negotiated written agreement in a part-time, as needed capacity until Plaintiff was hired. Doc. #79, at 40. But, as set forth above, Plaintiff worked full-time, and was an at-will employee during the pendency of her EPA claim. The record does not establish O'Neil's contracted part-time position was similar to Plaintiff's full-time, at-will employment. For this additional reason, Plaintiff's EPA claim fails.

### III. CONCLUSION

Based upon the foregoing reasons, Defendant's Motion for Summary Judgment on Plaintiff's EPA is granted.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: March 21, 2018             UNITED STATES DISTRICT COURT