IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| BAIDEHI L. MUKHERJEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16-01291-CV-W-ODS |
| | ) | |
| THE CHILDREN'S MERCY HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS IN LIMINE, AND (2) GRANTING IN PART AND DEFERRING IN PART DEFENDANT'S MOTIONS IN LIMINE

Pending are motions in limine filed by both parties. As set forth below, Plaintiff's motions (Doc. #91) are granted in part and denied in part, and Defendant's motions (Doc. #93) are granted in part and deferred in part. The parties are reminded these rulings are interlocutory. Thus, the denial of a request to bar evidence at this juncture preserves nothing for review, and the parties may re-assert their objections at trial if they deem it appropriate to do so. Evidence barred by this Order shall not be discussed in the jury's presence (including during opening statements) without leave of the Court. The parties are free to suggest (out of the jury's presence) that something has occurred during the trial justifying a change in the Court's interlocutory ruling.

### Plaintiff's Motions in Limine

**(1)     Suggestion that Plaintiff must show more than a motivating factor**

Plaintiff moves to prohibit Defendant from arguing, eliciting testimony, or suggesting Plaintiff must show her sex, national origin, race, or color was more than a "motivating factor" in the alleged discriminatory conduct under Title VII and 42 U.S.C. § 1981. Plaintiff concedes she must establish her protected activities were the "but for" cause of Defendant's alleged retaliatory actions. *Univ. of Tex. Sw. Med. Ctr v. Nassar*, 570 U.S. 338, 359-60 (2013); *Sayger v. Riceland Foods, Inc.*, 735 F.3d 1025, 1032 (8th Cir. 2013) (citation omitted).

Defendant objects to this motion, arguing section 1981's causation standard is different than Title VII's causation standard. Defendant contends this Court should follow the Supreme Court's decision in *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167 (2009), which found Title VII's motivating factor standard for disparate treatment did not apply to ADEA claims. Although *Gross* did not address section 1981 claims, Defendant contends the Court should apply the same analysis here.

Because the parties agree Plaintiff must establish her protected activities were the "but for" cause of Defendant's alleged retaliatory actions under Title VII and section 1981, the Court must determine whether Plaintiff's section 1981 discrimination claims must also satisfy the "but for" causation standard. While other circuits have noted *Gross*'s potential implication to section 1981 claims, the Eighth Circuit has declined to decide whether Title VII's mixed motive analysis applies to section 1981. *EEOC v. Con–Way Freight, Inc.,* 622 F.3d 933, 937 (8th Cir. 2010). One case, although decided prior to *Gross*, sheds some light. In *Kim v. Nash Finch Co.*, 123 F.3d 1046 (8th Cir. 1997), the Eighth Circuit stated:

> Title VII and § 1981 set forth parallel, substantially identical, legal theories of recovery in cases alleging intentional discrimination in employment on the basis of race. This is particularly so after the enactment of the 1991 Civil Rights Act…. Among other things, the 1991 Civil Rights Act expanded the definition of "make and enforce contracts" in § 1981 to include the terms and conditions of employment, including discharge…. The elements of claims alleging disparate treatment on the basis of race under Title VII and intentional employment discrimination on the basis of race under § 1981 are identical.

*Id.* at 1063.

In 2013, the Eighth Circuit specifically referred to *Kim*, noting "*Kim* necessarily determined the same causation standard applies in parallel Title VII and § 1981 racial discrimination claims." *Wright v. St. Vincent Health Sys.*, 730 F.3d 732, 739 n.6 (8th Cir. 2013). But in that same decision, the Eighth Circuit also noted, "the comments to the Eighth Circuit model jury instructions suggest there is some confusion as to the appropriate causation standard to apply in § 1981 racial discrimination claims." *Id.* (citing 8th Cir. Civil Jury Instr. §§ 5.00, 11.00, 11.40 n. 5 (stating "[t]he appropriate standard in a section 1981 case is not clearly resolved"), 11.41. The Model Civil Jury

2

Instructions on section 1981 discrimination claims states "the instructions give the trial court three options for submitting § 1981 claims":  (1) motivating factor/same decision causation standard, (2) but for causation, and (3) if the parties disagree as to which standard applies, special interrogatories can be provided to the jury "to elicit a complete set of findings for post-trial analysis."  8th Cir. Civil Jury Instr. § 11.00.

Jury instructions have not been proposed by the parties, but based upon the parties' briefing on this motion, there is disagreement as to which causation standard applies to Plaintiff's discrimination claims under section 1981.  Accordingly, the Court will follow the third option in the Model Civil Jury Instructions, and provide special interrogatories to the jury.  The parties will be permitted to argue and elicit testimony that is consistent with the jury instructions.  Accordingly, Plaintiff's motion is denied.

**(2) Argument that there must be direct evidence of discriminatory comments or actions**

Plaintiff asks the Court to preclude Defendant from asking questions or presenting argument about whether one of its employees made an offensive race-, sex-, or national origin-based comment.  She argues these questions and arguments would mislead the jury to believe there must be a specific offensive comment to succeed on a discrimination claim.  Defendant opposes the motion arguing evidence as to comments made (or the lack thereof) is relevant to Plaintiff's allegations of discrimination, and Defendant's defense against said claims.

Plaintiff's motion is granted in part, and denied in part.  The parties will not be permitted to argue there must be direct evidence of discrimination for Plaintiff to establish her discrimination claims.  However, the lack of comments (or other direct evidence) is relevant and probative.  Defendant will be permitted to inquire about direct evidence or offensive comments (or lack thereof) by its employees.

**(3) Affirmative defenses not in Defendant's First Amended Answer**

Plaintiff seeks to prohibit Defendant from asserted an affirmative defense that Defendant did not raise in its First Amended Answer.  Plaintiff, however, does not point to any particular defense she believes Defendant may try to utilize.

3

Defendant does not oppose this motion, but contends it sufficiently asserted the after-acquired evidence doctrine as an affirmative defense, and should not be prohibited from utilizing this defense at trial. In its Amended Answer, filed in April 2017, Defendant stated the following: "Defendant reserves the right to assert additional defenses as they become evident through discovery or investigation, including but not limited to after-acquired evidence defense." Doc. #10, at 30. Defendant argues, during the course of this litigation, it discovered Plaintiff sent confidential and privileged work documents to her personal email account, and retained those documents after her employment concluded. Doc. #113, at 4. Defendant argues "[i]t will come as no surprise to Plaintiff" that Defendant may rely on the after-acquired evidence doctrine because it sought the return of those documents "[f]or the past three months" because Plaintiff's conduct violated Defendant's internal policies. *Id.*

Plaintiff's motion is granted. Defendant cannot assert an affirmative defense it did not plead. This ruling, however, does not prohibit Defendant from asserting the affirmative defense of the after-acquired evidence doctrine.

### (4) Evidence of dismissed claims

Plaintiff asks the Court to exclude evidence regarding claims that have been dismissed by Plaintiff or the Court. Defendant opposes the motion, arguing it should be permitted to offer evidence of dismissed claims because they are relevant to Plaintiff's remaining claims and her credibility. To the extent Plaintiff introduces evidence of alleged disparate pay between her and Stephen O'Neil, Defendant argues it should be permitted to rebut Plaintiff's baseless allegation by relying on the Court's order granting summary judgment in favor of Defendant on Plaintiff's Equal Pay Act claim. Additionally, if Plaintiff introduces evidence related to her dismissed tort claims, including but not limited to her speculation that Defendant interfered with her ability to find subsequent employment, Defendant contends it should be permitted to offer evidence of the dismissal of those claims.

Plaintiff's motion is granted, and evidence, arguments, suggestions, and inferences about claims dismissed by Plaintiff or the Court are prohibited. However, if

Plaintiff offers evidence or elicits testimony about her dismissed claims, Defendant will be permitted to introduce evidence to refute those claims.

**(5) Evidence, argument, and inference regarding Plaintiff accessing the legal system, or Plaintiff has improper motives, or evidence designed to impugn the integrity or motivation of Plaintiff's counsel**

Plaintiff moves to preclude Defendant from presenting evidence, argument, or making inferences about Plaintiff accessing the legal system, obtaining legal counsel, and filing a charge of discrimination or this lawsuit. Plaintiff also asks the Court to preclude Defendant from arguing or suggesting the lawsuit is "lawyer-driven," "a lawyer scheme," "lawyer spin," "lawyer fantasy," or otherwise attacking Plaintiff's counsel. Finally, Plaintiff seeks to prohibit Defendant from attempting to paint Plaintiff as greedy and motivated by money, or making allusions to "jackpot justice."

In response, Defendant states it has not challenged Plaintiff's right to access the legal system or impugned the motivation of Plaintiff's counsel. But Defendant will offer evidence of Plaintiff's credibility, and notes "[t]he reasons why Plaintiff made and continues to make the allegations in this lawsuit are fair game under the Federal Rules." Doc. #113, at 6. Defendant argues Plaintiff has not provided sufficient reason for limiting credibility challenges.

Plaintiff's motion is granted. Defendant will be prohibited from presenting evidence, argument, or making inferences about Plaintiff accessing the legal system, obtaining legal counsel, and filing a charge of discrimination or this lawsuit. Defendant will also be precluded from arguing or suggesting the matter is lawyer-driven, or Plaintiff is greedy and/or motivated by money. This ruling does not preclude Defendant from properly challenging Plaintiff's credibility.

## Defendant's Motions in Limine

**(1) Plaintiff's speculation concerning Defendant's alleged role in Plaintiff's ability to secure subsequent employment**

Defendant moves to exclude speculation about any role Defendant played in Plaintiff's ability to secure employment after her employment with Defendant concluded because Plaintiff dismissed her claim of defamation with prejudice. Doc. #84.

Defendant argues Plaintiff's defamation claim, which was the only claim alleging Defendant obstructed Plaintiff's ability to obtain employment subsequent to her employment with Defendant, was dismissed. But that is not entirely true. Plaintiff alleged "Defendant further retaliated and discriminated against Plaintiff by obstructing her employment and business opportunities with other institutions." Doc. #4, ¶ 57. Although this sentence is not contained under any of the separate counts, Plaintiff incorporated this allegation in all counts contained in her Amended Complaint. *Id.*, ¶¶ 62, 66, 75, 80, 87, 93, 108, 120. In the alternative, Defendant argues there is no evidence to support Plaintiff's speculation, and therefore, she should not be permitted to proffer speculation.

In response, Plaintiff states she does not intend to speculate. Plaintiff argues Defendant intends to argue the affirmative defense of failure to mitigate, and in so doing, Defendant will likely call its expert witness. By doing so, Defendant has placed Plaintiff's ability to secure subsequent employment, as well as her communications with prospective employers, at issue in this litigation. Plaintiff should be permitted to offer her direct knowledge of her job search efforts and the results thereof. She seeks to present evidence regarding her professional history, including her termination, her subsequent job search, her efforts to secure employment, and the outcome of the job search.

"A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. To the extent Plaintiff has <u>personal</u> knowledge of Defendant playing a role in her ability (or inability) to secure subsequent employment, she may testify to those facts. However, Plaintiff is not permitted to speculate as to what role Defendant may or may not have played in her ability (or inability) to secure subsequent employment. Accordingly, Defendant's motion is granted. The Court's ruling on this motion does not preclude Plaintiff from offering evidence of her mitigation of damages, excluding speculation about what she believes Defendant may or may not have done with regard to her subsequent employment search.

**(2)    The reasons and/or circumstances regarding Warren Dudley's separation from his employment with Defendant**

Defendant seeks to exclude testimony, evidence, and argument related to the reasons and circumstances of Plaintiff's supervisor's, Warren Dudley, separation from his employment with Defendant.  Dudley testified his employment ended (more than one year after Plaintiff's departure) due to the changing nature and role of his position.  He also stated he had been considering retirement around the same time.  Defendant argues such evidence is irrelevant to the claims in this lawsuit.  Defendant also contends any probative value regarding Dudley's separation is substantially outweighed by a danger of unfair prejudice, confusion of issues, misleading the jury, undue delay, a waste of time, and presentation of cumulative evidence.

Plaintiff argues evidence about Dudley's termination could assist the jury in assessing the credibility of Defendant's witnesses.  Specifically, Dudley and another witness, Jo Stueve, gave conflicting testimony about whether Dudley voluntarily left his employment or his employment was terminated.  Plaintiff also argues the manner of Dudley's separation, which included a negotiated severance agreement, demonstrates disparate treatment of Plaintiff, who was not given a termination document and did not receive a severance.

Evidence of Dudley, who was Plaintiff's supervisor, receiving a severance agreement is not relevant and will not be permitted.  This aspect of Defendant's motion is granted.  However, the relevance of Dudley's separation from employment is unclear.  Accordingly, the Court defers consideration of that aspect of this motion.  To the extent a party seeks to present evidence or inquire about the circumstances of Dudley's departure from Defendant, counsel should approach the bench prior to presenting evidence or inquiring.

IT IS SO ORDERED.

DATE: March 28, 2018

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT