IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BAIDEHI L. MUKHERJEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-01291-CV-W-ODS |
| ) | |
| THE CHILDREN'S MERCY HOSPITAL, ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION DENYING PLAINTIFF'S MOTION FOR NEW TRIAL

Pending is Plaintiff's Motion for a New Trial. Doc. #161. At conclusion of trial, the jury rendered verdicts in favor of Defendant on all of Plaintiff's claims. Docs. #154-55. Plaintiff now raises ten bases for her request for a new trial. For the following reasons, Plaintiff's motion is denied.

## I. STANDARD

The Court may grant a new trial on some or all of the issues after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). A new trial under Rule 59 "is warranted when the outcome is against the great weight of the evidence so as to constitute a miscarriage of justice." *Bank of Am., N.A., v. JB Hanna LLC,* 766 F.3d 841, 851 (8th Cir. 2014). In making this determination, the court relies on its reading of the evidence, including weighing the evidence and evaluating the credibility of witnesses. *Lincoln Composites, Inc. v. Firetrace USA, LLC*, 825 F.3d 453, 459 (8th Cir. 2016).

## II. DISCUSSION

A. <u>Alleged Hearsay Regarding Plaintiff's Performance</u>

Plaintiff argues individuals' statements about her work performance should have been excluded at trial because the statements were offered for the truth of the matters asserted therein, and therefore, constituted hearsay. Plaintiff generally refers to statements, but fails to identify a specific statement by a particular witness or an exhibit

that should not have been admitted. Nonetheless, Plaintiff maintains the jury's verdicts were influenced by and she was prejudiced by the admission of these statements.

"Unless justice requires otherwise, no error in admitting or excluding evidence…is ground for granting a new trial…." Fed. R. Civ. P. 61. Where the moving party complains about an evidentiary ruling, the court must determine whether the "ruling was so prejudicial as to require a new trial which would be likely to produce a different result." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1058-59 (8th Cir. 2005).

The parties addressed this issue in their trial briefs (Docs. #122, 125), and reiterate their arguments in their briefing of the pending motion. Prior to the commencement of trial, the Court concluded the statements were not hearsay. The Court's decision followed Eighth Circuit precedent. *See Wolff v. Brown*, 128 F.3d 682, 685 (8th Cir. 1997) (holding "internal documents relied upon by the employer in making an employment decision are not hearsay," and are "admissible because they help explain…the employer's conduct); *Hardie v. Cotter & Co.*, 849 F.2d 1097, 1011 (8th Cir. 1988) (finding customer complaints were not hearsay and were properly admitted because the complaints demonstrated the employer's state of mind when it decided to discharge its employee).

Defendant did not offer the statements for the truth of the matters asserted therein. Instead, Defendant offered the statements to show its belief that Plaintiff was failing to meet performance expectations, and the impact the statements had on personnel decisions. With the admission of each statement, the Court provided a limiting instruction informing the jury it was not to consider the statement for the truth of the matter asserted therein but only as to whether Defendant had a nondiscriminatory, non-retaliatory reason for discharging Plaintiff.[1] The Court discerns no evidentiary error, much less an error that so prejudiced Plaintiff to require a new trial. Plaintiff's motion for a new trial based upon this ground is denied.

---

[1] Although Plaintiff contends the limiting instruction was a "distinction without a difference," it is unclear if she seeks a new trial based upon the limiting instruction. To the extent she is, her request is denied. Plaintiff did not object to the limiting instruction, and never proffered an alternative instruction. Further, the Court presumes the jury follows its instructions. *See Smiley v. Gary Crossley Ford, Inc.*, 859 F.3d 545, 555 (8th Cir. 2017) (citation omitted). Thus, the Court must presume the jury did not consider the statements for the truth of the matters asserted therein, and only considered the statements with regard to Defendant's belief that Plaintiff was failing to meet performance expectations, and the impact the statements had on Defendant's personnel decisions.

B.   After-Acquired Evidence

Plaintiff argues the admission of after-acquired evidence constitutes reversible error. First, Plaintiff contends Defendant failed to present sufficient evidence of a specific policy she violated, and to the extent a policy was identified, Defendant failed to show Plaintiff's conduct was a terminable offense. Second, Plaintiff argues the evidence was not "after-acquired." According to Plaintiff, Defendant knew she was sending documents to her private email account because it told her she could do so.[2] Third, Plaintiff claims the after-acquired evidence was related to her complaints, and therefore, cannot serve as a defense. That is, if Defendant had not allegedly harassed, discriminated against, or retaliated against her, Plaintiff never would have used her private email to communicate those actions. Finally, Plaintiff avers the evidence should have been excluded under Rule 403 of the Federal Rules of Evidence because any probative value was outweighed by the prejudicial effect on Plaintiff.[3]

As set forth *supra*, the Court must determine whether the admission of after-acquired evidence was so prejudicial as to require a new trial that would likely produce a different result. *Moses.com Sec., Inc.*, 406 F.3d at 1058-59. The Court finds the admission of after-acquired evidence was not prejudicial, and was not so prejudicial that a retrial (excluding said evidence) would likely produce a different result. Further, no miscarriage of justice occurred with the admission of this evidence. Tellingly, because the jury found Plaintiff did not establish the essential elements of any of her claims, the jury never reached the after-acquired evidence issue. For these reasons, the Court denies Plaintiff's motion for new trial based upon the admission of after-acquired evidence.

C.   Warren Dudley's Departure from Employment with Defendant

Plaintiff argues the Court erred in excluding evidence of the circumstances surrounding Warren Dudley's departure from Defendant in 2016. Plaintiff claims this evidence was relevant to her disparate treatment claims (which included her discharge in

---

[2] Neither before nor during trial did Plaintiff contend Defendant gave Plaintiff permission to send Defendant's documents to Plaintiff's private email account (or Defendant knew she was doing so). To the extent Plaintiff seeks a new trial based upon this argument, for which there is no support in the record, her request is denied.
[3] Plaintiff also argues the Court should not have given after-acquired evidence instructions to the jury. That argument is addressed *infra*, section II(H)(1).

3

2014) and the credibility of Defendant's witnesses.  Plaintiff contends Dudley, who was her supervisor, was "the central player," and therefore, his credibility, alleged lack of performance, and alleged behavioral problems were relevant.

The Court first addressed this issue in its Order in Limine.  Doc. #116.  The Court determined Dudley's receipt of a severance agreement was not relevant and would not be permitted.  *Id.* at 7.  But the Court deferred consideration of whether the circumstances surrounding Dudley's separation were relevant to Plaintiff's claims.  *Id.*  The Court instructed the parties to approach the bench prior to eliciting testimony or presenting evidence about Dudley's separation.  *Id.*

Plaintiff does not set forth how she preserved this alleged error.  And even if she had preserved this error, Plaintiff fails to establish the exclusion of this evidence would have likely produced a different result.  *Moses.com Sec., Inc.*, 406 F.3d at 1058-59.  Perhaps it is because the evidence – had it been admitted – would have been conflicting.  As noted in the Order in Limine, Dudley and another witness provided conflicting deposition testimony about whether Dudley voluntarily left his employment or his employment was terminated.  Doc. #116, at 7.  The Court finds the exclusion of evidence pertaining to Dudley's separation from employment was not prejudicial, and was not so prejudicial to warrant a new trial.  For these reasons, Plaintiff's motion for a new trial based upon the exclusion of evidence about Dudley's separation is denied.

D. <u>Application of Attorney-Client Privilege to Plaintiff's Evidence</u>

Plaintiff argues the Court erred in finding documents in her possession, which included communications with Defendant's in-house or outside counsel, were privileged.  Without identifying the specific documents, Plaintiff contends these documents were not privileged because she was a party to the communications, and they were her "work product."  Doc. #161, at 8.  She also argues Defendant waived any privilege because the communications form the basis of her dismissal.  *Id.*  Plaintiff claims if she had been permitted to use these unidentified communications, it would "have demonstrated" she "was asked by Mr. Dudley to sign off on or to do things that were unlawful or unethical so that he could create cause to discipline or terminate her when she refused."[4]  *Id.*  Plaintiff

---

[4] Plaintiff did not allege a whistleblower (or similar type of) claim.  Plaintiff did not offer any exhibits showing she was asked to do anything unlawful or unethical, and the Court does

4

also argues the evidence rebutted Dudley's statements about her work performance because the communications showed "positive comments about her expertise and performance." *Id.* Finally, Plaintiff maintains the evidence could have been presented in redacted form. *Id.*

Even when disregarding her failure to identify the specific documents she contends were improperly deemed privileged, Plaintiff's argument is flawed in several respects. First, the Court recalls Plaintiff informing the Court that she did not intend to utilize the documents Defendant claimed were privileged. Additionally, the Court has no recollection of Plaintiff proffering said documents. As such, any evidentiary error was not preserved.

Second, even if the error was preserved, Plaintiff's arguments as to the application or waiver of attorney-client privilege are unfounded. While the attorney-client privilege attaches to corporations, the inclusion of Plaintiff, Defendant's employee at the time of the communications, on emails with Defendant's in-house and/or outside counsel does not strip the communication of privilege. *See Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). Significantly, Defendant's privilege could not be waived unless a member of Defendant's management waived the privilege. *See Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348-49 (1985) (stating "the power to waive the corporate attorney-client privilege rests with the corporation's management and is normally exercised by its officers and directors…consistent with their fiduciary duty to act in the best interests of the corporation"). There was no evidence Defendant waived its privilege. With regard to her self-described "work product" in emails, Plaintiff, who is not an attorney, fails to cite authority establishing the inclusion of her work, created during her employment with Defendant, waives the privilege. Likewise, Plaintiff fails to demonstrate Defendant's attorney-client privilege is waived because they relate to her dismissal.

Third, Plaintiff claims she should have been permitted to present the privileged communications in redacted form. Plaintiff's argument is not an accurate portrayal of the record. Prior to the start of trial, Defendant asked if Plaintiff intended to introduce Defendant's privileged documents, and if so, Defendant asked that the privileged information be redacted. In response to Defendant's inquiry, Plaintiff stated she did

---

not recall Plaintiff testifying about being asked to do anything unlawful or unethical. To the extent Plaintiff requests a new trial based upon this argument, that request is denied.

intend to use the documents. As best the Court can recall, Plaintiff did not offer any of the documents containing privileged information. As such, Plaintiff's argument fails.

For these reasons, the Court finds the exclusion of this evidence was not prejudicial, and certainly was not so prejudicial as to require a new trial that would likely produce a different result. Thus, Plaintiff's motion for new trial based upon the exclusion of these documents is denied.

E.  Dismissal of Some of Plaintiff's Claims Before Trial

Plaintiff argues the Court's dismissal of her Missouri Human Rights Act, Equal Pay Act Claims, and misappropriation of privacy and publicity claims at the summary judgment stage constitutes reversible error, and she should be granted a new trial. Plaintiff's dismissed claims were not tried. Plaintiff may seek review of those decisions on appeal, but she cannot seek a new trial on those claims. The Court denies Plaintiff's motion for new trial on this ground.

F.  Plaintiff's Testimony Regarding Subsequent Employment Search

Plaintiff argues the Court prevented her from "presenting evidence of the difficulties she has encountered in securing employment due to her abrupt and wrongful termination." Doc. #161, at 9. She contends she was not allowed to explain the results of her job search, and was not permitted to present evidence showing the timing and reasons for rescinded offers from potential employers.

Plaintiff's argument misstates the Court's ruling in limine, and disregards the evidence at trial. Before trial, Defendant asked the Court to prohibit Plaintiff from speculating about any role Defendant may have played in her inability to secure employment after her employment with Defendant concluded. The Court precluded Plaintiff from speculating as to what role Defendant may or may not have played in her inability to secure employment. Doc. #116, at 6. If she had personal knowledge of Defendant playing a role in her inability to secure employment, the Court informed Plaintiff she could testify to those facts. *Id*. The Court also stated its ruling did "not preclude Plaintiff from offering evidence of her mitigation of damages." *Id*.

At trial, Plaintiff presented evidence about her employment search and her attempts to mitigate her damages. Plaintiff's testimony was limited to matters upon which she had

6

personal knowledge. Fed. R. Evid. 602. Plaintiff was only precluded from speculating that Defendant somehow interfered with her job search. The Court finds there was no evidentiary error, much less an error that so prejudiced Plaintiff to require a new trial. Thus, Plaintiff's motion for a new trial on this ground is denied.

G. <u>Warren Dudley's Negative Comments About Minorities</u>

Plaintiff argues the Court erred in preventing her from testifying about "Mr. Dudley's negative comments regarding minorities (African Americans)" because those "comments reflected Mr. Dudley's negative mindset against minorities…[and] are relevant to [his] credibility." Doc. #161, at 10. In this matter, Plaintiff alleged discrimination and harassment claims based upon her gender (female), race (Asian), and national origin (Indian). Dudley's alleged comment(s) pertained only to African-Americans. Plaintiff fails to set forth any argument establishing the exclusion of this evidence was so prejudicial as to require a new trial that would be likely to produce a different result. Further, the Court discerns no prejudicial error in excluding alleged comments about African-Americans in a matter where an Asian female of Indian descent alleged discrimination and harassment. Accordingly, Plaintiff's motion for a new trial on this ground is denied.

H. <u>Jury Instructions</u>

*(1) After-Acquired Evidence Instructions*

Plaintiff claims the Court should not have given after-acquired evidence instructions because there was "no admissible or substantial evidence on this defense" and the instructions "clouded the issues badly." Doc. #161, at 6. But Plaintiff never objected to the after-acquired evidence instructions. To preserve a claim of instructional error, the party must object to the alleged error during trial. Fed. R. Civ. P. 51(c). Because she failed to preserve a claim of instructional error, Plaintiff must show these instructions constitute plain error. *Slidell, Inc. v. Millennium Inorganic Chems., Inc.*, 460 F.3d 1047, 1054 (8th Cir. 2006) (citation omitted). Plain error "is confined to the exceptional case in which the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Id*. (citations and internal quotations omitted). Plaintiff does not set forth why the after-acquired evidence instructions constitutes plain error. The Court finds the after-acquired evidence instructions were legally correct, and the evidence admitted at trial supported the

7

giving of those instructions. Further, as explained above, the jury found Plaintiff failed to prove the essential elements of her claims, and therefore, the jury never reached the issue of the after-acquired evidence defense. Plaintiff's motion for new trial based upon the Court giving the jury after-acquired evidence instructions is denied.

*(2) Unnecessarily Long and Confusing Instructions*

Plaintiff argues the instructions prejudiced her because they were "unnecessarily long and confusing." Doc. #161, at 10. She contends her proposed instructions, which included a harassment instruction grouping all three bases of her claims of harassment and a discrimination instruction grouping all three bases of her claims for discrimination, should have been given.

Plaintiff's argument, however, ignores she also proposed separate instructions for discrimination based upon national origin, race, and sex. Doc. #128, at 5-7. The Court's instructions on Plaintiff's discrimination claims largely mirrored her proposed (separate) discrimination instructions. Doc. #149, at 18, 21, 24. Plaintiff cannot propose an instruction, lodge no objection to the use of her proposed instruction, and later contend the instruction was erroneous. For this reason, Plaintiff's argument fails.

Regardless, Plaintiff did not object to the instructions, and any error has not been preserved. Fed. R. Civ. P. 51(c). Because she failed to object, Plaintiff must show the instructions constitute plain error. *Slidell*, 460 F.3d at 1054. While she contends the instructions were too long and confusing, Plaintiff does not argue (or even discuss) how the instructions affected the "fairness, integrity, or public reputation of the judicial proceedings." The instructions were based upon the evidence admitted, and the state of the law. There was no error, plain or otherwise. Plaintiff's motion for a new trial based upon "unnecessarily long and confusing" jury instructions is denied.

I. <u>Jury's Verdicts</u>

Plaintiff argues the evidence "overwhelming showed" Defendant harassed and discriminated against her, and once she complained, Defendant retaliated against her. The jury's verdicts, according to Plaintiff, were against the weight of the evidence, and a new trial should be granted.

8

"A motion for new trial based on sufficiency of the evidence should be granted only if the jury's verdict was against the great weight of the evidence, so as to constitute a miscarriage of justice." *EFCO Corp. v. Symons Corp.,* 219 F.3d 734, 739 (8th Cir. 2000). When considering a motion for new trial based upon the sufficiency of the evidence, the Court may weigh the evidence and assess the credibility of witnesses. *White v. Pence,* 961 F.2d 776, 780-81 (8th Cir.1992). The evidence must be viewed in the light most favorable to the jury verdict. *Inacom Corp. v. Sears, Roebuck & Co.,* 254 F.3d 683, 689 (8th Cir. 2001). The moving party has the burden of proving the propriety of a new trial. *Kehm v. Proctor & Gamble Co.,* 580 F. Supp. 890, 896 (N.D. Iowa 1982).

The outcome of this trial largely turned on whose testimony the jury believed. The possibility the jury could have found Plaintiff more credible than Defendant's witnesses, which may have resulted in a different result, is not a sufficient basis for granting a new trial. *See Blake v. J.C. Penney Co.,* 894 F.2d 274, 281 (8th Cir. 1990). Having heard the testimony and viewed the evidence, the Court cannot find the jury's verdicts were against the great weight of the evidence. Further, based upon the evidence presented at trial, the jury's verdicts did not constitute a miscarriage of justice, and were not a seriously erroneous result. Finally, Plaintiff, who does not point to anything specific in the record, has not her burden of proving a new trial is warranted. For these reasons, Plaintiff's motion for a new trial on the basis the jury's verdicts were allegedly against the great weight of the evidence is denied.

J.   Plaintiff's Sister's Lawsuit

Plaintiff argues she is entitled to a new trial because the Court allowed Defendant's counsel to question Plaintiff's sister, Jana Mukherjee, about a lawsuit filed by Plaintiff's and Jana's sister, Lisa. Plaintiff claims the evidence was prejudicial in that it insinuated Plaintiff and her family are litigious and suggested Plaintiff's claims were meritless.

Because Plaintiff's argument rests an evidentiary ruling, the Court must determine whether allowing the questioning and testimony about Plaintiff's sister's lawsuit "was so prejudicial as to require a new trial which would be likely to produce a different result." *Moses.com Sec., Inc.*, 406 F.3d at 1058-59. Defendant asked Jana about her sister, Lisa, filing a lawsuit against Harvard in 2010. The Court recalls Jana was not sure if a lawsuit was filed. She said she knew something happened with regard to Lisa's employment but

9

she did not know what exactly happened.  No exhibits pertaining to the lawsuit were offered.

The Court's decision to allow questioning about Plaintiff's sister's lawsuit was not so prejudicial as to require a new trial.  Further, the admission of Jana's testimony about her sister's lawsuit was not so prejudicial as to require a new trial.  Even if the testimony had not been admitted, the jury's verdicts, in all likelihood, would have been the same given the considerable evidence presented during trial.  Accordingly, the Court's denies Plaintiff's new motion for a new trial based upon the inquiry into her sister's lawsuit.[5]

### III.    CONCLUSION

As set forth above, the Court finds each of Plaintiff's bases for a new trial fails to meet the Rule 59 requirements.  The Court also considered the ten bases for a new trial collectively.  Even when contemplating those bases together, the Court finds Plaintiff fails to demonstrate a miscarriage of justice occurred.  Accordingly, Plaintiff's Motion for a New Trial is denied.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
DATE: July 9, 2018                              ORTRIE D. SMITH, SENIOR JUDGE
                                                UNITED STATES DISTRICT COURT

---

[5] The day prior to Jana's testimony, Plaintiff, over Defendant's objections, was permitted to ask Dudley, Plaintiff's supervisor and alleged bad actor, about a lawsuit he filed in 2009 wherein he alleged age and gender discrimination.  To allow Plaintiff such an inquiry but not allow Defendant the same (when both inquiries sought to elicit potentially relevant evidence) appears inconsistent and unbalanced.  As noted by Justice Breyer, "in the law, what is sauce for the goose is normally sauce for the gander."  *Heffernan v. City of Paterson*, 136 S. Ct. 1412, 1418 (2016).